**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **NEON ENTERPRISE SOFTWARE, LLC** | § | |
| | § | |
| **V.** | § | **A-09-CA-896  AWA** |
| | § | |
| **INTERNATIONAL BUSINESS** | § | |
| **MACHINES CORPORATION** | § | |

## ORDER

Before the Court is IBM's Motion for Leave to File Motion for Summary Judgment on Neon's Antitrust Claims (Clerk's Doc. No. 94); Neon's Response to IBM's Motion for Leave to File Motion for Summary Judgment on Neon's Antitrust Claims (Clerk's Doc. No. 99); and IBM'S Reply in Support of its Opposed Motion for Leave to File Motion for Summary Judgment on Neon's Antitrust Claims (Clerk's Doc. No. 100). After reviewing the Parties' pleadings, the Court **GRANTS** IBM's Motion.

## Facts

This is a complex case with numerous claims and counterclaims. With this complexity in mind, when the District Court issued its Amended Scheduling Order, the Parties were allowed to file only one motion for summary judgment "without first obtaining leave of court for good cause." (Clerk's Doc. No. 39). Both Parties used their one motion for summary judgment to raise a single issue: IBM's customer contracts. After reviewing the Parties' briefs and listening to oral argument, Judge Nowlin issued a 33-page opinion denying both motions. (Clerk's Doc. No. 74). Following this effort, Judge Nowlin orally notified both Parties that it would not allow additional motions for summary judgment to be filed. Instead, the trial lawyers would have to convince a jury who was right.

Following the Order denying both motions for summary judgment, the Parties unsuccessfully attempted to mediate the case. The Parties did, however, consent to the undersigned presiding over the remainder of this trial. At the post-consent status conference, IBM noted its intention to seek leave to file

a second motion for summary judgment; Neon objects. Having considered the matter, the Court finds there is good cause for allowing IBM to file a second motion for summary judgment. The reasons for this decision are set out below.

## Reasoning

The Court understands that Judge Nowlin limited the parties to filing a single motion for summary judgment, and further appreciates Neon's contention that IBM has failed to explain why it did not include its antitrust arguments in its previously-filed motion. At the same time, the Court must look at this issue in the overall setting of the efficient management of this case. Considering this, the Court finds that IBM has demonstrated good cause to file its second motion for summary judgment, primarily for three reasons. First, determining whether Neon has antitrust standing is a question of law that will potentially remove several causes of action, streamlining this case. Second, IBM's motion involves a narrow issue that the Parties and the Court can address quickly. Third, IBM's motion was timely filed. The Court elaborates below.

**A.      Antitrust standing is a question of law that is more properly determined pre-trail than post-trial**

A case is run most efficiently when a jury is not forced to hear unnecessary argument. Antitrust standing is a threshold issue and a question of law for the Court to decide. *Theme Promotions, Inc. v. New Am. Mktg. FSI*, 546 F.3d 991, 999 (9th Cir. 2008). The decision is one for the Court, and there is no good reason to delay that decision. Making this determination now is prudent as it could avoid considerable expense and time being spent on the antitrust claims.

**B.      IBM objects to Neon's antitrust standing based on a single issue**

Several factors determine whether a plaintiff has antitrust standing. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 422 (5th Cir. 2001). But IBM focuses on only one issue: whether Neon's zPrime competes

with IBM mainframe computers.  Moreover, IBM made its entire argument in eight pages.  At this late stage, Neon should be adequately prepared to address this single issue and demonstrate that it has standing to argue its case.

**C.     IBM's motion was filed before the April 29, 2011 dispositive motion deadline**

IBM's motion was timely.  Neon does not dispute this.  Instead, Neon focuses on Judge Nowlin's statement that each party may file only one motion for summary judgment.  But this rule, while emphasized, was not set in stone, especially in light of an argument that has the potential to shorten the trial by several days.  Furthermore, this is a billion dollar lawsuit.  The Parties should be prepared to litigate all matters at all times.  Neon's argument that its limited size is a handicap simply does not carry water.

<u>Conclusion</u>

For the reasons set forth above, IBM's Motion for Leave to File Motion for Summary Judgment on Neon's Antitrust Claims (Clerk's Doc. No. 94) is **GRANTED**.  Neon shall file its full response to IBM's motion by **May 9, 2011**.  IBM shall file any reply by May **13, 2011**.

SIGNED this 2nd day of May, 2011.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE