# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| NEON ENTERPRISE SOFTWARE, LLC | § | |
| | § | |
| V. | § | A-09-CA-896 AWA |
| | § | |
| INTERNATIONAL BUSINESS | § | |
| MACHINES CORPORATION | § | |

## ORDER

Before the Court in the above-entitled and styled cause of action is Neon's Motion for Judgment on the Pleadings on IBM's Breach of Contract Claim Based on "Reverse Assembly" (Clerk's Doc. No. 134); IBM's Opposition to Neon's Motion for Judgment on the Pleadings on IBM's Breach of Contract Claim Based on "Reverse Assembly"(Clerk's Doc. No. 139); and Neon's Reply to IBM's Opposition (Clerk's Doc. No. 147). After reviewing the Parties' pleadings, the Court **DENIES** Neon's motion.[1]

## I.   Introduction

In short, Neon argues that reverse assembly cannot be a violation of IBM's Customer Agreement, or any licensing agreement, because reverse assembly is "expressly permitted by federal law."[2] This argument fails. To support its argument, Neon relies upon one case, *Vault Corp. v. Quaid Software, Ltd.*, 847 F.2d 255 (5th Cir. 1988), and two defenses from federal copyright law: (1) 17 U.S.C. § 1201(f), also

---

[1] As Neon admits in its Reply, this request for a judgment on the pleadings is a dispositive motion, and as such was due by April 29, 2011. Neon did not request leave to file the motion late. Had it done so, leave would have been denied, as Neon's explanation for the late filing is wanting. In short, Neon contends that the motion was precipitated by IBM's dismissal of its copyright infringement and DMCA claims. That is a red herring. Neon's argument is that IBM's *contract* claim is defeated by federal law. IBM has been suing for a breach of contract from the inception of this suit, and the argument Neon makes in its motion has been available to Neon from the moment that contract claim was raised. Regardless, as is explained herein, there is no merit to Neon's argument, and the Court disposes of the argument for that reason.

[2] Clerk's Doc. No. 134 at 1.

known as the "interoperability exception"; and (2) 17 U.S.C § 107, also known as the "fair use" defense. Neither *Vault*, nor these statutes, have any bearing on the contract entered into between Neon and IBM. The Court first examines *Vault*, followed by 17 U.S.C. § 1201(f), and finally 17 U.S.C. § 107.

A. **The Fifth Circuit's holding in *Vault* involves federal preemption of a specific Louisiana statute, not federal preemption of private contractual agreements touching on copyright law**

Neon reads *Vault* too broadly. In *Vault*, the Fifth Circuit held that a provision of the Louisiana Software License Enforcement Act was preempted by federal copyright law and was therefore unenforceable.[3] The Fifth Circuit was not presented with the issue—and therefore it did not address—whether private contractual agreements barring reverse assembly can be enforced under the contract laws of other states.[4] Accordingly, Neon's reliance on *Vault* for the general proposition that contracts barring reverse assembly are preempted by federal copyright law and are thus unenforceable, misses the mark.

Indeed, the law is directly contrary to Neon's argument. The Fifth Circuit,[5] and numerous other Circuits,[6] have held that federal copyright law does not preempt the enforcement of private contractual rights. In fact, there is a two-prong test to determine whether a state-law claim is preempted by federal copyright law: (1) the claim is examined to determine whether it falls within the subject matter of copyright

---

[3] 847 F.2d 255, 270 (5th Cir. 1988).

[4] *See Davidson & Assocs. v. Jung*, 422 F.3d 630, 638–39 (8th Cir. 2005); *Bowers v. Baystate Technologies, Inc.*, 320 F.3d 1317, 1323–1327 (Fed. Cir. 2003).

[5] *See Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*, No. 09-20868, 2011 WL 1453929, at *4 (5th Cir. Apr. 15, 2011) (per curiam) (citations omitted) ("[A]n action for breach of contract involves an element in addition to mere reproduction, distribution or display: the contract promise made by [the parties], therefore, is not preempted.") (quoting *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990)).

[6] *See Jung*, 422 F.3d at 638–39; *Bowers,* 320 F.3d at 1323–1327; *Nat'l Car Rental System, Inc. v. Computer Assocs. Intern., Inc.*, 991 F.2d 426, 431–435 (8th Cir. 1993); *Smith v. Weinstein*, 578 F. Supp 1297, 1307–1308 (S.D.N.Y. 1984), *aff'd*, 738 F.2d 419 (2d Cir. 1984).

as defined by 17 U.S.C. § 102; and (2) the cause of action is examined to determine if it protects rights that are equivalent to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106.[7] Here, the second prong is not satisfied. By securing Neon's contractual promise to not engage in reverse assembly, IBM is entitled to enforce an additional element (Neon's promise) beyond the general rights provided under § 106.[8] Ultimately, the reverse assembly provision in IBM's Customer Agreement is not invalidated or preempted by any federal copyright law.

As an important aside, Neon has mentioned several times that IBM's contracts are contracts of adhesion.[9] The Court will clear up this matter now. No contract in this case will be rendered invalid as a contract of adhesion. When two sophisticated entities such as Neon and IBM enter into a contract regarding mainframe computers, a single processor of which costs $700,000.00, no public policy rationale will bail Neon or IBM out of a bargain they may now regret.

**B.     Section 1201(f) is a defense under the DMCA and has no bearing on IBM's contract claims**

17 U.S.C. § 1201(f), the "interoperability exception" to the Digital Millineum Copyright Act, is irrelevant to IBM's contract claims. As mentioned above, federal copyright law does not preempt the enforcement of a contractual provision preventing reverse assembly, and § 1201(f) is no exception.[10] Moreover, Neon's contention that § 1201(f) is an entitlement under federal law is wrong.[11] Section 1201(f),

---

[7] *See Carson v. Dynergy, Inc*, 344 F.3d 446, 456 (5th Cir. 2003) (citations and quotations omitted).

[8] *See Jung*, 422 F.3d at 639; *Bowers*, 320 F.3d at 1325–26.

[9] Clerk's Doc. 48 at 5; 58, ¶¶ 73, 92.

[10] *See Jung*, 422 F.3d at 639; *Bowers*, 320 F.3d at 1325–26.

[11] Clerk's Doc. 134 at 2.

the "interoperability *exception*", is a defense, a narrow exception,[12] to otherwise prohibited activity under the Digital Millennium Copyright Act.[13] It does not void Neon's contractual agreement to not "reverse assemble, reverse compile, or otherwise translate any Program."[14]

## C. 17 U.S.C. § 107 is the "fair use" defense to copyright infringement; it has no bearing on IBM's contract claims

Finally, 17 U.S.C. § 107, the "fair use" defense to copyright infringement,[15] does not preempt IBM's state contract claims.[16] In support of its argument, Neon cites several cases holding that reverse assembly is sometimes permitted under the "fair use" defense.[17] This is correct. But all of the cases Neon relies upon discuss the "fair use" defense as applied to federal copyright claims, not breach of contract claims. As just noted, IBM has dismissed its copyright infringement claims, and at the end of the day, federal copyright law will play no part in Neon's response to IBM's breach of contract claims.

## CONCLUSION

The IBM Customer Agreement that Neon signed expressly prohibits reverse assembly. Neon does not dispute this fact. The IBM Customer Agreement is also not invalid as a contract of adhesion. And Neon cannot borrow defenses from copyright law to combat IBM's breach of contract claim. Accordingly,

---

[12] *See Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 441 (2d Cir. 2001).

[13] *See Jung,* 422 F.3d at 642; *Lexmark Intern., Inc. v. Static Control Components*, Inc., 387 F.3d 522, 549–551 (6th Cir. 2004); *Chamberlain Group, Inc. v. Skylink Techs, Inc*., 381 F.3d 1178, 1200 n.15 (Fed. Cir. 2004).

[14] Indeed, IBM recently dismissed its copyright infringement and DMCA claims. While the interoperability exception may have had relevance to those claims, it has no bearing on IBM's contract claim.

[15] *See Eldred v. Ashcroft*, 537 U.S. 186, 219 (2003).

[16] *See Bowers,* 320 F.3d at 1325.

[17] Clerk's Dkt. # 134 at 3.

Neon's Motion for Judgment on the Pleadings on IBM's Breach of Contract Claim Based on "Reverse Assembly" (Clerk's Doc. No. 134) is **DENIED**.

SIGNED this 24th day of May, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE