# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| NEON ENTERPRISE SOFTWARE, LLC | § | |
| --- | --- | --- |
| | § | |
| V. | § | A-09-CA-896 AWA |
| | § | |
| INTERNATIONAL BUSINESS | § | |
| MACHINES CORPORATION | § | |

## ORDER

On May 25, 2011, the Court held a hearing on the Defendant's Motion for Relief from Spoliation (Clerk's Doc. No. 140). Before the Court issued an order on that motion, the Parties notified the Court that they had reached an agreement to resolve the case.[1] On May 31, 2011, the parties submitted a proposed permanent injunction (Clerk's Doc. No. 163), which the Court entered that same day (Clerk's Doc. No. 165). Upon entry of the injunction, the Parties filed a stipulation of dismissal (Clerk's Doc. No. 166). Neon has now filed a Motion to Seal Moot Documents (Clerk's Doc. No. 167) asking in essence that the Court seal the record with regard to the briefs and proceedings related to IBM's Motion for Relief from Spoliation. IBM has filed a one-sentence response: "IBM takes no position, and neither approves nor opposes the relief sought in Neon's motion." (Clerk's Doc. No. 168).[2]

This is not the first time the Court has addressed the sealing of documents in this case. *See, e.g.*, Clerk's Doc. No. 106 (directing the Parties to selectively file motions under seal and justify the necessity for sealing documents). In the previous order, the Court discussed the public's qualified

---

[1] Indeed, at the request of the parties, communicated through their mediator, the Court withheld its order on the motion pending the parties' negotiations.

[2] The Court assumes that IBM taking no position on the motion was a point negotiated in the parties' settlement, though nothing in the pleadings addresses this.

right to access court documents and proceedings, and how it must balance the public's common law right of access against interests favoring non-disclosure. *Id.* The same issues are presented in the instant motion.

Neon requests the Court "to seal, or as appropriate to leave sealed, the filings and entries in docket nos. 140, 144, 148–50, and 161." Motion at ¶1. The hearing where these matters were addressed was itself open to the public. Further, shortly after IBM's spoliation motion was filed, Neon filed an advisory indicating that it had "no objection to having IBM's Motion for Spoliation unsealed." Neon's Advisory Regarding IBM's Spoliation Motion (Clerk's Doc. No. 145). When the case settled, Neon reversed its position and now seeks to retroactively seal the proceeding, including the transcript. Neon contends that these records "concern sensitive, contested matters" that went unresolved when the Parties settled the case before the Court ruled on IBM's spoliation motion. Motion at ¶1.

It is not uncommon for a court to seal documents filed in a case when those records contain trade secrets, sensitive commercial information, privileged material, individual personal identifiers, personal medical information, or material impacting national security. In this case, the Court in fact granted requests to seal materials that fell within the first two categories just mentioned. But the materials Neon seeks to seal in the instant motion do not fall within any of these categories. They do not contain attorney-client material or trade secrets, but instead they cast Neon and several of its key employees in a negative light: the documents include discussion of evidence that Neon employees admitted to reverse-assembling IBM's code, hiding evidence of this reverse-assembly, and lying under oath about whether Neon engaged in reverse-assembly.

There is little case law addressing the appropriateness of sealing materials in a situation like

the present one. An analogous situation, however, was presented in *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994), where the Supreme Court held that mootness by reason of settlement does not justify the vacatur of a federal civil judgment. In conformance with this principle, the court in *Keeler v. Mayor and City Council of Cumberland,* 951 F. Supp. 83, 84 (D. Md. 1997) held that vacatur of its opinion based upon the parties' settlement would be inappropriate where vacatur would have the effect of depriving the legal community of one of the few reported cases in which the Religious Freedom Restoration Act had been held unconstitutional. Similarly, in *In re Mem'l Hosp. of Iowa Cnty., Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988), the Seventh Circuit noted that "[i]f parties want to avoid stare decisis and preclusive effects, they need only settle before the district court renders a decision." Applying the analogy here, if Neon desired to avoid embarrassing facts from being made public, it of course could have settled the dispute before this Court held the spoliation hearing.

The Court is mindful of the public benefits that flow from the settlement of a dispute, and does not intend to suggest by this decision that it does not favor settlements. What the Court intends to make clear is that when parties do not settle before unfavorable evidence and embarrassing hearings take place (all of which carry a public cost), but rather make the calculated decision to "roll the dice" with the Court, then the parties must live with the consequences. Such an approach will hopefully encourage parties—when possible—to resolve disputes before the significant costs of a Court proceeding are incurred, and will make clear that when parties elect to pass by that opportunity for settlement, they do so at the risk of being "stuck" with an unfavorable result.

In a previous order the Court expressed its desire for the record of this case to remain public. The Court thus directed the Parties to only file confidential material under seal and to make such

3

requests sparingly and ensure they were narrowly tailored. On the pleadings related to the spoliation motion, numerous documents were filed under seal, many at Neon's request. The record is not clear regarding the basis for sealing the documents Neon requested be sealed.

ACCORDINGLY, for the reasons set forth above, Neon's Motion to Seal Moot Documents (Clerk's Doc. No. 167) is DENIED, and Clerk's Doc. Nos. 140, 144, 148, 149, 150, and 161 shall be filed publicly and not under seal, ***provided however*** that with regard to Clerk's Doc. No. 140, the Clerk shall file publicly only the redacted version of IBM's statement of facts (Doc. No. 140–50) and maintain the unredacted version (Doc. No. 140-1) under seal, and shall keep under seal the exhibits to Clerk's Doc. No. 140 that IBM has designated for sealing (Doc. Nos. 140-3, 140-7, 140-15, 140-16, 140-33, 140-35, 140-36, and 140-40).[3]

With regard to the exhibits to Doc. 140 that IBM designated for sealing because Neon requested they be sealed, court staff has communicated with Neon's counsel to obtain clarification regarding whether Neon desired those to remain sealed, given the somewhat ambiguous statement in Neon's advisory that "Neon has no objection to having IBM's Motion for Spoliation unsealed." In response, Neon's counsel requested that Clerk's Doc. Nos. 140-3, 140-4, 140-6, 140-7, 140-9, 140-10, 140-12–15, 140-16, 140-17, 140-18–21, 140-23–26, 140-29, 140-32–37, and 140-39–49, remain under seal. After looking at the exhibits, most of them do not appear to contain materials falling within the categories the Court identified above as appropriate for sealing.[4] Therefore, the

---

[3]In an attempt to avoid any confusion regarding the documents referred to here, the Court has used the CM/ECF identifying number, which does not necessarily correspond with the exhibit number IBM has given each attachment.

[4]For example, Exhibit 2 is an excerpt of Anthony Lubrano's deposition regarding the development of zPrime, and does not appear to include confidential material.

Court orders Neon to submit a pleading by **July 25, 2011,** offering a justification—being mindful of what has been said here—for these documents remaining under seal (*e.g.,* to protect a privilege or trade secret). Embarrassment and mootness will not be acceptable justifications. Upon receipt of that pleading, the Court will enter a final order on this issue, addressing the status of these exhibits in the Court's public record.

SIGNED this 20th day of July, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE